No. 26-30557

# Inc the United States Court of Appeals for the Fifth Circuit

PARISH OF CAMERON,
*Plaintiff-Appellant*

STATE OF LOUISIANA, ET AL.,
*Intervenor Plaintiffs-Appellants*

v.

CHEVRON USA HOLDINGS, INC., ET AL.,
*Defendants-Appellees*

---

On Appeal from the United States District Court
for the Western District of Louisiana
No. 2:26-cv-1349, Hon. Terry Doughty

---

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

---

VICTOR L. MARCELLO
A. PAUL LEBLANC, JR.
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
(225) 400-9991
vmarcello@tcmlawoffice.com

*Counsel for Appellant Parish of Cameron*

ELIZABETH B. MURRILL
Attorney General

J. BENJAMIN AGUIÑAGA
Solicitor General
CAITLIN HUETTEMANN
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellants Louisiana and Louisiana Department of Energy and Natural Resources*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## REPLY

On October 26, this Court entered an order, *see Parish of Cameron v. Bay Coquille, Inc.*, No. 26-30556, ECF 45-1, carrying with that case both Louisiana's motion to consolidate with *Parish of Cameron v. Devon Energy Production Co., LP*, No. 26-30505, and Appellees' motion to dismiss that appeal for lack of jurisdiction. That was the correct disposition—and the motions panel in this case (and the other five related cases arising from the same district court Order, *see* La.Mot.3 n.1) should take the same route.

Notwithstanding this Court's *Bay Coquille* order, Appellees subsequently filed a brief in support of their motion and opposing Louisiana's motion to consolidate. ECF 39 (Opp.). Louisiana thus files this reply in support of its motion to consolidate this case with *Devon*, No. 26-30505.

* * *

Appellees lack any serious objection to consolidation of this case with *Devon*. As Louisiana explained, La.Mot.7–8, *Devon*, this case, and each of the related cases arise from the same district court Order that "resolves the remand issues across all cases" and implicates issues that

"equally arise in all cases." In fact, Devon itself is both in *Devon*, No. 26-30505, claiming this Court *does* have jurisdiction to review the Order and in No. 26-30555 claiming the Court *does not* have jurisdiction to review the Order, *see* No. 26-30555, ECF 46 at 11. Appellees have no answer.

*First*, they complain that the Court should just dismiss this appeal for lack of "appellate jurisdiction," leaving nothing to consolidate with *Devon*. Opp.9. But that is not a serious opposition to consolidation because they have no legitimate jurisdictional challenge.

They protest (Opp.4–6) that Louisiana cannot secure appellate jurisdiction in this case by consolidating it with *Devon*, but Louisiana did not make that argument. It instead argued that this Court has two independent jurisdictional bases to review every issue in the district court's Order: (a) Louisiana's "cross-appeal of the Order in *Burlington*/*Devon*," and (b) Louisiana's independent appeals "in this case and every other case controlled by the Order." La.Mot.7. Whether these cases are consolidated does not affect the Court's jurisdiction—consolidation simply (in Louisiana's view) "makes eminent good sense" to avoid the inefficiencies of "duplicative briefs in seven or eight different

dockets" with different panels of this Court reviewing the same district court Order. La.Mot.7–8.

Appellees also have no answer to the fact that *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021), squarely forecloses their attempt to shut down this Court's review of "the whole of" the Order. *Id.* at 238. They reverse (Opp.5–6, 7) their original position that the Order itself is the relevant remand order in that it both grants and denies remand across cases. *See* La.Mot.9 (noting Appellees' statement that "the district court denied [Louisiana's] motion [to remand] in a careful 34-page opinion"); *see also* La.Mot.4 ("The motion describes the Order as '*den[ying]* [Louisiana's] motion' to remand in this case."). Their original position that the Order *both* grants *and* denies remand was the correct view—and that is confirmed by Devon's own attack on the Order itself in No. 26-30505. *See* La.Mot.5; *see also* 28 U.S.C. § 1447(d) (providing appellate jurisdiction over "[a]n order remanding a case to the State court"). Moreover, Appellees do not even try to reconcile with *BP P.L.C.* with their position that pieces of the Order are reviewable while others are not—reinforcing that consolidation before one merits panel to

consider all issues arising out of the Order makes sense. *Cf.* La.Mot.9–10 (noting that all issues are "inextricably intertwined").

*Second*, Appellees oppose consolidation on the ground that the Order "did not apply the same reasoning to every case." Opp.9. That is demonstrably incorrect. As Louisiana explained—and Appellees do not dispute—the Order adjudicated every timeliness and related procedural defect in one fell swoop across all cases. La.Mot.4. By definition, that is "apply[ing] the same reasoning to every case." Opp.9. Louisiana also explained—and Appellees do not dispute—that the Order's merits reasoning across all cases is intertwined. La.Mot.4.

*Third*, as part of their consolidation opposition, Appellees protest that "speculation about the possible grounds for a future decision in the *Devon* appeal is no basis to assume jurisdiction over Appellants' separate appeal from an interlocutory order here." Opp.9–10. But it is not speculative to say that Louisiana will raise in *Devon* all of the procedural and merits issues adjudicated in the Order because all of those issues are live. La.Mot.9–10. Moreover, Louisiana does not need *Devon* to "assume jurisdiction" in this appeal because this Court has independent

jurisdiction to review the Order in this case for all of the reasons previously explained.

Consolidation with *Devon*, No. 26-30505, and the other related appeals is plainly warranted.

Respectfully submitted,

*<u>/s/ Victor L. Marcello</u>*
VICTOR L. MARCELLO
A. PAUL LEBLANC, JR.
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
(225) 400-9991
vmarcello@tcmlawoffice.com

*Counsel for Appellant Parish of Cameron*

ELIZABETH B. MURRILL
Attorney General

*<u>/s/ J. Benjamin Aguiñaga</u>*
J. BENJAMIN AGUIÑAGA
Solicitor General
CAITLIN HUETTEMANN
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellants Louisiana and Louisiana Department of Energy and Natural Resources*

## CERTIFICATE OF SERVICE

I certify that on October 28, 2026, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27 because it contains 790 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated: October 28, 2026